JAN 5 2026 PM2:12
FILED - USDC - BPT - CT

# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE DISTRICT OF CONNECTICUT
### BRIDGEPORT DIVISION

| | | |
|---|---|---|
| John Hilaire, | ) | Case No. |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| NATIONSTAR MORTGAGE LLC, | ) | |
| D/B/A RIGHTPATH SERVICING, | ) | |
| D/B/A RUSHMORE SERVICING, | ) | |
| D/B/A MR. COOPER | ) | |
| | ) | |
| Defendant | ) | **TRIAL BY JURY DEMANDED** |
| | ) | |

## I. INTRO

This action arises under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. 2601 et seq.,

and its implementing Regulation X, as well as the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C.

1692, and concerns Defendant Nationstar Mortgage LLC's unlawful servicing and debt collection conduct

following its acquisition of the servicing rights to Plaintiff's home mortgage. After the mortgage was

transferred from the prior servicer, Defendant, operating under various trade names, received timely

written notice of an unresolved billing dispute and notice of error, acknowledged receipt of that dispute,

and triggered mandatory statutory duties to investigate, correct, or adequately respond. Despite these

obligations, Defendant failed to properly resolve the dispute, continued collection activity, and furnished negative credit information to consumer reporting companies, resulting in concrete harm to Plaintiff and violations of federal law.

## II. JURISDICTION & VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. 1331, because Plaintiff's claims arise under the laws of the United States, including the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. 2601 et seq., and its implementing Regulation X, and the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692.

2. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. 1367.

3. Jurisdiction is proper under 15 U.S.C. 1692k(d), which permits FDCPA actions in any U.S. district court regardless of the amount in controversy.

4. Venue is proper in the District of Connecticut under 28 U.S.C. 1391(b) because the events giving rise to this action occurred in this District and Defendant conducted collection activities directed at Plaintiff within this District.

## III. PARTIES

5. Plaintiff John Hilaire is a man and the owner of record of a private shelter located at 85 Victory Avenue, Bridgeport. For purposes of this action, Plaintiff meets the definition of a "consumer" within the meaning of RESPA, 12 U.S.C. 2605, and the FDCPA, 15 U.S.C. 1692a.

6. Defendant Nationstar Mortgage LLC, including RightPath Servicing, Rushmore Servicing, and Mr. Cooper (collectively, the "Trade Names") is a limited liability company engaged in the business of mortgage loan servicing and debt collection, and at all relevant times acted as the servicer of Plaintiff's mortgage loan as defined by 12 U.S.C. 2605(i)(2).

## IV. FACTUAL BACKGROUND

1. On or about November 20, 2023, Plaintiff received a written notice from Defendant Nationstar Mortgage LLC, operating under the trade name RightPath Servicing, informing Plaintiff of the transfer of servicing rights for Plaintiff's home mortgage, identified by a credit account number ending in 9128. **(Exhibit A)**.

2. On November 30, 2023, Plaintiff notified Defendant that the mortgage servicing account was subject to a pre-existing billing dispute, and that any servicing or collection activity was required to comply with applicable federal law. **(Exhibit B)**.

3. The dispute correspondence was delivered on December 4, 2023, as confirmed by USPS tracking records 9405830109355042911836. **(Exhibit C)**.

4. Defendant Nationstar Mortgage LLC, operating through RightPath Servicing, issued a written acknowledgment letter confirming receipt of dispute and notice of error on December 7, 2023. **(Exhibit D)**

5. Despite acknowledging receipt of Plaintiff's dispute, Defendant failed to provide a proper substantive response as required by 12 U.S.C. 2605(e) and 12 C.F.R. 1024.35.

6. While Plaintiff's dispute remained pending, Defendant continued servicing and collection activity, including the issuance of billing statements and other adverse servicing actions.

7. During this same period, Defendant Nationstar Mortgage LLC changed the servicing identity under which it communicated with Plaintiff, transitioning from RightPath Servicing to Rushmore Servicing, without resolving the dispute and without curing its statutory violations.

8. In spite of its knowledge of the active dispute, Defendant furnished negative and derogatory information regarding Plaintiff's mortgage account to consumer reporting companies, including information reflecting delinquency, and foreclosure proceedings. **(Exhibit E)**

9. Defendant's furnishing of negative credit information occurred after Defendant had actual notice of Plaintiff's dispute and while Defendant's investigation obligations remained outstanding. These actions occurred while the dispute remained outstanding and resulted in additional harm to Plaintiff, including foreclosure related damages, credit harm.

10. Rather than conducting a reasonable investigation into Plaintiff's notice of error, Defendant proceeded to initiate foreclosure related actions while the dispute remained pending and unresolved. **(Exhibit F)**

11. Defendant's initiation of foreclosure activity occurred after Defendant had actual notice of the alleged servicing errors, and during the period in which Defendant was statutorily obligated under RESPA and Regulation X to suspend certain collection and enforcement actions until compliance was achieved.

12. In response to the foreclosure complaint, Plaintiff timely appeared and again notified Defendant of the outstanding RESPA violations, reaffirming that the underlying billing dispute had never been properly investigated or resolved.

13. At the initial foreclosure hearing, Plaintiff informed the court of the unresolved federal statutory violations. Defendant's counsel responded by characterizing the dispute as an "old billing error," confirming that Defendant was aware of the dispute. **(Exhibit G)**

14. Despite receiving renewed notice of the unresolved dispute through Plaintiff's foreclosure response, Defendant did not cure the servicing violations, did not provide a substantive response as required by law, and did not correct the disputed account information.

15. Instead of resolving the identified errors, Defendant stayed active prosecution of the foreclosure action and subsequently assigned the mortgage note to a third party, including a U.S. Bank trust, while the RESPA violations remained outstanding. **(Exhibit H)**

16. As a direct result of Defendant's acts and omissions, Plaintiff suffered actual damages, including but not limited to credit harm, loss of credit opportunities, time and expense incurred in addressing Defendant's misconduct.

## V. CAUSES OF ACTION

**COUNT I - Violation of the Real Estate Settlement Procedures Act (RESPA) 12 U.S.C. 2605(e), 2605(k), and Regulation X (12 C.F.R. Part 1024)**

17. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

18. Plaintiff's home mortgage is a federally related mortgage loan within the meaning of 12 U.S.C. 2602(1), and Defendant Nationstar Mortgage LLC is a loan servicer as defined by 12 U.S.C. 2605(i)(2).

19. On or about November 30, 2023, Plaintiff submitted a written notice of error and billing dispute to Defendant, directed to Defendant's designated address for such correspondence, disputing the

accuracy and validity of the account, and providing sufficient information to enable Defendant to investigate the asserted servicing errors.

20. Defendant acknowledged receipt of Plaintiff's notice of error on or about December 7, 2023, thereby triggering Defendant's statutory duties under 12 U.S.C. 2605(e) and Regulation X, 12 C.F.R. 1024.35, including the duty to conduct a reasonable investigation and to correct the error or provide a written explanation within the timeframes mandated by law.

21. Despite acknowledging receipt of Plaintiff's notice of error, Defendant failed to conduct a reasonable investigation, failed to correct the identified errors, and failed to provide a proper substantive written response as required by 12 U.S.C. 2605(e)(2) and 12 C.F.R. 1024.35(e).

22. While Plaintiff's notice of error remained pending and unresolved, Defendant continued servicing and collection activity on the loan, including the issuance of billing statements, adverse servicing actions, and the initiation of foreclosure related proceedings, in violation of Defendant's obligations under RESPA and Regulation X.

23. Defendant further violated 12 U.S.C. 2605(k)(1)(C) and 12 C.F.R. 1024.38(a) by failing to maintain and implement reasonable policies and procedures to ensure accurate information, timely investigation of disputes, and compliance with applicable servicing requirements.

24. After receiving renewed notice of the unresolved servicing errors through Plaintiff's response in the foreclosure proceedings, Defendant again failed to cure the violations, and instead assigned or sold the mortgage note to a third party while the RESPA violations remained outstanding.

25. As a direct and proximate result of Defendant's RESPA violations, Plaintiff suffered actual damages within the meaning of 12 U.S.C. 2605(f)(1)(A), including but not limited to:

**(a)** credit damage, resulting from Defendant's continued furnishing of adverse credit information based on disputed and uninvestigated account data;

**(b)** foreclosure related damages, resulting from Defendant's initiation and continuation of foreclosure activity without first resolving the asserted servicing errors;

**(c)** out of pocket expenses and time, incurred by Plaintiff in repeatedly notifying Defendant of the dispute, responding to foreclosure filings, and attempting to obtain compliance with federal law; and

(d) emotional distress, resulting from prolonged uncertainty, threatened loss of housing, and damage to Plaintiff's credit reputation caused by Defendant's statutory noncompliance.

26. Defendant's conduct reflects a pattern or practice of noncompliance with RESPA and its implementing regulations, entitling Plaintiff to statutory damages pursuant to 12 U.S.C. 2605(f)(1)(B).

27. Plaintiff is further entitled to equitable and declaratory relief, including injunctive relief requiring Defendant to correct account information, cease unlawful servicing practices, and implement reasonable procedures to ensure future compliance with RESPA and Regulation X.

**Count II - Violation of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. 1692e, 1692f**

28. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

29. At all relevant times, Defendant Nationstar Mortgage LLC was a "debt collector" as defined by 15 U.S.C. 1692a(6), in that it regularly collects or attempts to collect consumer debts owed or

due or asserted to be owed or due to another, including mortgage "debts" that were in default or
disputed at the time Defendant began servicing or collecting on Plaintiff's loan.

30. Plaintiff is a "consumer" as defined by 15 U.S.C. 1692a(3), and the mortgage obligation at issue
is a "debt" within the meaning of 15 U.S.C. 1692a(5).

31. Defendant had actual knowledge that Plaintiff disputed the mortgage debt, having received and
acknowledged Plaintiff's written dispute and notice of error on or about December 7, 2023, and
having received renewed notice of the unresolved dispute through Plaintiff's response in the
foreclosure proceedings.

32. Notwithstanding its knowledge of the dispute, Defendant communicated credit information
regarding Plaintiff's mortgage loan to one or more consumer reporting companies, including
information reflecting delinquency, default, or other adverse status.

33. Defendant failed to communicate that the debt was inaccurate or misleading due to the
unresolved dispute and pending investigation obligations.

34. Defendant's conduct constitutes a violation of 15 U.S.C. 1692e(8), which prohibits
communicating or threatening to communicate to any person credit information known or which
should be known to be false.

35. Defendant's conduct further constitutes a violation of 15 U.S.C. 1692e(2)(A), by falsely
representing the character, amount, while the debt was disputed and subject to unresolved
servicing errors.

36. Defendant's furnishing of negative credit information during an active dispute constitutes the
use of unfair or unconscionable means to collect or attempt to collect a debt, in violation of 15
U.S.C. 1692f.

37. Defendant's acts and omissions were undertaken in connection with the collection of a consumer debt and were material, misleading, and abusive under the least sophisticated consumer standard.

38. As a direct and proximate result of Defendant's FDCPA violations, Plaintiff suffered actual damages, including but not limited to credit damage, emotional distress, loss of credit opportunities, and out of pocket expenses.

39. Defendant's conduct was in reckless disregard of Plaintiff's rights under the FDCPA, entitling Plaintiff to statutory damages pursuant to 15 U.S.C. 1692k(a)(2)(A), actual damages pursuant to 15 U.S.C. 1692k(a)(1), and costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692k(a)(3).

## Count III – Violation of the Fair Credit Reporting Act (15 U.S.C. 1681s-2(b))

40. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

41. Defendant Nationstar Mortgage LLC is a "furnisher of information" to consumer reporting agencies within the meaning of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. 1681 et seq..

42. Plaintiff is a "consumer" as defined by 15 U.S.C. 1681a(c).

43. Defendant furnished information regarding Plaintiff's mortgage account to one or more consumer reporting companies, including information reflecting delinquency, default, or other adverse status.

44. Plaintiff disputed the accuracy and completeness of the furnished information, including by providing written notice of dispute and notice of error to Defendant, and by disputing the reported information with consumer reporting companies.

45. Upon information and belief, one or more consumer reporting companies notified Defendant of Plaintiff's dispute pursuant to 15 U.S.C. 1681i(a)(2), thereby triggering Defendant's duties under 15 U.S.C. 1681s-2(b).

46. After receiving notice of the dispute, Defendant failed to:

   a. Conduct a reasonable investigation regarding the disputed information;

   b. Review all relevant information provided by the consumer reporting companies;

   c. Correct, delete, or modify inaccurate or incomplete information; and

   d. Report accurate results of its investigation to the consumer reporting companies.

47. Defendant continued to furnish inaccurate, or misleading information regarding Plaintiff's mortgage account.

48. Defendant's failure to comply with its duties under 15 U.S.C. 1681s-2(b) constitutes willful and/or negligent noncompliance with the FCRA.

49. As a direct and proximate result of Defendant's violations, Plaintiff suffered actual damages, including but not limited to credit damage, emotional distress, loss of credit opportunities, and out of pocket expenses.

50. Defendant's conduct was willful, entitling Plaintiff to statutory damages, punitive damages, and attorney's fees pursuant to 15 U.S.C. 1681n, and/or negligent, entitling Plaintiff to actual damages and attorney's fees pursuant to 15 U.S.C. 1681o.


**Count IV- Declaratory Judgment (28 U.S.C. 2201)**

Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

An actual and justiciable controversy exists between Plaintiff and Defendant concerning Defendant's compliance with federal law governing mortgage servicing, debt collection, and credit reporting, including RESPA, the FDCPA, and the FCRA.

Pursuant to 28 U.S.C. 2201, Plaintiff seeks a declaration of rights and legal relations to resolve this controversy. Specifically, Plaintiff requests that this Court declare the following:

1. This Court has authority to issue declaratory relief pursuant to, 28 U.S.C. 2201, and 28 U.S.C. 2202, as this action presents an actual, ongoing case or controversy within the Court's jurisdiction.

2. Defendant contends, expressly or implicitly through its conduct, that it complied with its statutory duties despite:

    a. Receiving and acknowledging Plaintiff's written notice of error and dispute;

    b. Failing to conduct a reasonable investigation or provide a proper substantive response;

    c. Continuing servicing, collection, foreclosure related activity, and adverse credit reporting during the pendency of the dispute; and

    d. Transferring or selling the mortgage loan and/or servicing rights while the violations remained unresolved.

3. Plaintiff contends that Defendant's acts and omissions violated 12 U.S.C. 2605 and Regulation X, 15 U.S.C. 1692e and 1692f, and 15 U.S.C. 1681s-2(b), and that Defendant remains responsible for the consequences of it's pre-transfer conduct.

4. A declaratory judgment is necessary and appropriate to:

    a. Clarify the respective rights and obligations of the parties under federal law;

    b. Determine whether Defendant violated its statutory duties under RESPA, the FDCPA, and the FCRA;

c. Declare that Defendant's failure to properly investigate and resolve Plaintiff's dispute was unlawful; and

d. Declare that Defendant's transfer or sale of the loan did not extinguish liability for its prior statutory violations.

5. Declaratory relief will serve a useful purpose in settling the legal relations at issue, will afford relief from uncertainty and insecurity regarding Plaintiff's rights, and will prevent Defendant from continuing to deny or evade responsibility for its unlawful conduct.

6. Plaintiff therefore seeks a declaration that Defendant Nationstar Mortgage LLC violated federal law as alleged herein, and such further declaratory and equitable relief as the Court deems just and proper.

## Count V- Negligence

1. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

2. At all relevant times, Defendant Nationstar Mortgage LLC owed Plaintiff a duty of reasonable care in the servicing of Plaintiff's mortgage loan, including but not limited to:

a. Accurately maintaining and reviewing account records;

b. Exercising reasonable care in investigating billing disputes and notices of error;

c. Refraining from initiating or escalating adverse servicing actions based on unresolved or inaccurate account information; and

d. Exercising reasonable care in furnishing information regarding Plaintiff's account to third parties, including consumer reporting agencies.

3.  Defendant breached its duty of care by, among other acts and omissions:

    a. Failing to reasonably investigate Plaintiff's billing dispute despite receiving and acknowledging notice thereof;

    b. Continuing to rely on disputed and unverified account information for servicing and enforcement actions;

    c. Initiating and maintaining foreclosure-related activity without first resolving known servicing errors; and

    d. Furnishing adverse credit information based on inaccurate, incomplete, or uninvestigated account data.

4.  Defendant knew or should have known that its failure to exercise reasonable care in servicing and reporting would foreseeably cause harm to Plaintiff, including credit damage, foreclosure-related injury, and economic loss.

5.  As a direct and proximate result of Defendant's negligence, Plaintiff suffered actual damages, including but not limited to:

    Damage to credit reputation and creditworthiness; Foreclosure-related costs and harms;

    Out of pocket expenses and lost time; and Emotional distress.

6.  Defendant's negligent conduct occurred independently of, and in addition to, its statutory violations, and constitutes actionable negligence under applicable state common law.

## VI. JURY DEMAND

Plaintiff hereby demands trial by jury of our peers on all issues, causes of action, and claims for which a right for demand for  trial by jury exists under the Constitution and laws of the United States of America.

## VII. <u>RELIEF REQUESTED</u>

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and award relief as follows:

**A.** Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. 1692k(a)(2)(A) for Defendant's violations of the Fair Debt Collection Practices Act.

**B.** Statutory damages of up to $1,000.00 per violation pursuant to 15 U.S.C. 1681n(a)(1)(A) for Defendant's willful noncompliance with the Fair Credit Reporting Act.

**C.** Punitive damages pursuant to 15 U.S.C. 1681n(a)(2) for Defendant's reckless and/or willful failure to conduct a reasonable investigation and continued furnishing of inaccurate or incomplete credit information, in an amount to be determined by the Court or a jury.

**D.** Actual damages pursuant to 12 U.S.C. 2605(f)(1)(A) for concrete and measurable harms directly caused by Defendant's RESPA violations, including but not limited to:

- Foreclosure related damages, Credit damage, Emotional distress, Loss of credit opportunities;
- Time, expense, and effort incurred responding to Defendant's unlawful servicing conduct; in an amount which Plaintiff alleges exceed $250,000.00, to be proven at trial;

**E.** Statutory damages pursuant to 12 U.S.C. 2605(f)(1)(B) for Defendant's pattern or practice of noncompliance with RESPA, in an amount to be determined by the Court.

**F.** Declaratory relief pursuant to 28 U.S.C. 2201, declaring that Defendant violated RESPA, the FDCPA, and the FCRA as alleged herein, and that Defendant remains liable for its statutory violations notwithstanding any transfer or sale of the mortgage loan or servicing rights;

**G.** Injunctive and equitable relief requiring Defendant to:

a. Correct and/or delete inaccurate or incomplete information furnished to consumer reporting agencies regarding Plaintiff's mortgage account;

b. Accurately reflect the disputed status of the account where applicable;

c. Cease unlawful servicing and collection practices related to the disputed conduct; and

d. Implement reasonable policies and procedures to ensure compliance with RESPA, Regulation X, the FDCPA, and the FCRA.

**H.** Costs of suit and reasonable litigation expenses, including filing fees, certified mail, postage, document preparation, and related expenses, pursuant to:

- 12 U.S.C. 2605(f)(3); 15 U.S.C. 1692k(a)(3); and 15 U.S.C. 1681n(a)(3) and 1681o(a)(2)

**I.** Reasonable attorney's fees, should counsel be retained, as authorized by statute.

## VIII. <u>VERIFICATION</u>

I, John Hilaire, the claimant in the above entitled action, declare under penalty of perjury under the laws of the United States of America that the foregoing Complaint against Nationstar Mortgage LLC, d/b/a RightPath Servicing, d/b/a Rushmore Servicing, d/b/a Mr. Cooper, and all attached Exhibits are true, and that I will verify the same in open court.

Executed this 2 day of January , 2026.

_John Hilaire_

By: John Hilaire

85 Victory Avenue, Bridgeport, Connecticut 06606-3022-852

STATE OF Connecticut    COUNTY OF Fairfield

Subscribed and sworn before me this 2 day of January , 2026, by John Hilaire, known to me (or satisfactorily proven) to be the man whose name is subscribed to the foregoing instrument.

_____
Notary Public

My Commission Expires:_____

JOAN FOSTER
Notary Public, State of Connecticut
My Commission Expires Jan. 31, 2028

# EXHIBITS TABLE

**Exhibit A** – *Notice of Transfer of Mortgage Loan Servicing to Nationstar Mortgage LLC.*

**Exhibit B** – *Plaintiff's Written Dispute and Notice of Error to Nationstar Mortgage LLC.*

**Exhibit C** – *USPS Tracking and Delivery Confirmation for Plaintiff's Dispute Correspondence.*

**Exhibit D** – *Defendant's Written Acknowledgment of Plaintiff's Dispute.*

**Exhibit E** – *Evidence of Defendant's Furnishing of Adverse Credit Information to Consumer Reporting Agencies.*

**Exhibit F** – *Foreclosure-Related Filings and Notices Initiated by Defendant*

**Exhibit G** – *Transcript Excerpts from Foreclosure Hearing Reflecting Defendant's Knowledge of the Billing Dispute.*

**Exhibit H** – *Documentation Reflecting Transfer or Sale of the Mortgage Loan and/or Note.*

# EXHIBIT A

**RightPath**
SERVICING

RETURN SERVICE ONLY
PLEASE DO NOT SEND MAIL TO THIS ADDRESS
PO Box 819060
5801 Postal Road
Cleveland, OH 44181

11/15/2023

OUR INFO
**ONLINE**
www.rightpathservicing.com

YOUR INFO
**LOAN NUMBER**
0717939128

**PROPERTY ADDRESS**
85 VICTORY AVE
BRIDGEPORT, CT 06606

JOHN R HILAIRE
175 MILFORD AVE
STRATFORD, CT 06615

### NOTICE OF SERVICING TRANSFER

Dear JOHN R HILAIRE,

The servicing of your mortgage loan has been transferred to RightPath Servicing, effective 11/01/2023. This transfer does not affect any term or condition of the mortgage, other than terms directly related to the servicing of your loan, such as where to send your payments or make inquiries.

Beginning 10/31/23, Chase will no longer accept payments from you.

**Send all payments due on or after 11/01/2023 to us at this address:**

**PO Box 650783**
**Dallas, TX 75265-0783**

If you have any questions for either your present servicer, Chase or your new servicer, RightPath, about your mortgage loan or this transfer, please contact them using the information below:

**Current Servicer:**
Chase
Mail Code LA4-6475
700 Kansas Lane
Monroe, LA 71203-4774
866-233-3175

**New Servicer:**
RightPath Servicing
Account Resolutions
Lake Vista 4
800 State Highway 121 Bypass
Lewisville, TX 75067
833-685-2590

**Your mortgage life insurance, disability insurance and/or other optional insurance products and services will not transfer to RightPath. If you wish to retain these policies, you should contact your current optional insurance carrier or service provider.**

For 60 days after your transfer to RightPath, there will be no late fees or negative credit reporting for any payments sent to your previous servicer by its due date, as required by federal law.

Sincerely,

RightPath Servicing
NMLS #2119

RightPath Servicing℠ and Mr. Cooper® are brand names for Nationstar Mortgage LLC.

**Nationstar Mortgage LLC d/b/a RightPath Servicing is a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. However, if you are currently in bankruptcy or have received a discharge in bankruptcy, this communication is not an attempt to collect a debt from you personally to the extent that it is included in your bankruptcy or has been discharged but is provided for informational purposes only.**

If you are a successor in interest (received the property from a relative through death, devise, or divorce, and you are not a borrower on the loan) that has not assumed, or otherwise become obligated on the debt, this communication is for informational purposes only and is not an attempt to collect a debt from you personally.

# EXHIBIT B



JOHN HILAIRE
85 Victory Ave
Bridgeport, CT 06606
203-993-5680
Loan number: 4021419469

November 30th, 2023

Nationstar Mortgage LLC
d/b/a RightPath Servicing

Subject: Dispute of Validity and Amount of Debt

Dear RightPath Servicing Or Concern Parties,

I hope this letter finds you well. I am writing to address the recent transfer of my mortgage from Chase Bank to Nationstar Mortgage LLC, as outlined in the documents received on [date of the letter]. I appreciate your notification of the transfer and acknowledge my right to dispute the validity of debt within 30 days of receiving this correspondence.

Prior to the transfer, I had an ongoing billing error dispute with Chase Bank concerning a payment submitted and not applied my mortgage balance. It has come to my attention that the transfer of my mortgage to Nationstar Mortgage LLC occurred while this dispute was still in progress. This situation raises concerns as it appears to be a violation of the Billing Error Act and my consumer rights.

Enclosed with this letter, you will find copies of the correspondence exchanged between Chase Bank and myself, highlighting the ongoing billing error dispute. I believe it is crucial for Nationstar Mortgage LLC to be fully aware of these circumstances and the unresolved matter concerning my payment.

In light of the aforementioned facts, I hereby dispute the validity and the amount of the debt associated with my mortgage under Nationstar Mortgage LLC. I kindly request a thorough review of my case, taking into consideration the billing error dispute that remains unresolved.

I look forward to a prompt resolution to this matter and appreciate your attention to my concerns. Please acknowledge the receipt of this letter at your earliest convenience.

Sincerely,

JOHN HILAIRE

# EXHIBIT C

 **UNITED STATES POSTAL SERVICE ®**

Archive USPS Tracking Plus ™ Statement
As of August 7, 2025

Tracking Number: 9405830109355042911836
Destination Address: 800 STATE HIGHWAY 121 BYP

| Date & Time | Status of Item | Location |
| --- | --- | --- |
| Nov 30, 2023 12:30 pm | SHIPPING LABEL CREATED | BRIDGEPORT, CT 06606 |
| Nov 30, 2023 1:08 pm | ACCEPT OR PICKUP | 066109998 |
| Nov 30, 2023 4:22 pm | PROCESSED THROUGH USPS FACILITY | STAMFORD, CT 06910 |
| Nov 30, 2023 10:00 pm | PRE-SHIPMENT INFO SENT TO USPS | BRIDGEPORT, CT 06606 |
| Dec 01, 2023 12:08 am | PROCESSED THROUGH USPS FACILITY | STAMFORD, CT 06910 |
| Dec 01, 2023 12:08 am | MAIL PIECE NESTED TO CONTAINER | |
| Dec 01, 2023 1:00 am | CONTAINER CLOSE | STAMFORD, CT 06910 |
| Dec 01, 2023 1:45 am | CONTAINER CLOSE | STAMFORD, CT 06910 |
| Dec 01, 2023 1:49 am | DEPART USPS FACILITY | STAMFORD, CT 06910 |
| Dec 01, 2023 2:17 am | DEPART USPS FACILITY | STAMFORD, CT 06910 |
| Dec 01, 2023 4:09 am | BUILD, AIR TRANSPORT | 070324605 |
| Dec 01, 2023 11:29 am | HUB NEST, AIR TRANSPORT | 381186625 |
| Dec 01, 2023 4:34 pm | LOAD, AIR TRANSPORT | 381186625 |
| Dec 01, 2023 4:34 pm | DEPARTED, AIR TRANSPORT | 381186625 |
| Dec 01, 2023 6:06 pm | ARRIVED, AIR TRANSPORT | 752614601 |
| Dec 01, 2023 6:40 pm | HANDOFF, AIR TRANSPORT | 752614601 |
| Dec 01, 2023 7:17 pm | LOAD, AIR TRANSPORT | 752614601 |
| Dec 01, 2023 7:17 pm | DEPARTED, AIR TRANSPORT | 752614601 |
| Dec 02, 2023 5:23 am | PROCESSED THROUGH USPS FACILITY | COPPELL, TX 75099 |
| Dec 02, 2023 5:23 am | MAIL PIECE NESTED TO CONTAINER | |
| Dec 02, 2023 5:46 am | CONTAINER CLOSE | COPPELL, TX 75099 |
| Dec 02, 2023 6:15 am | DEPART USPS FACILITY | COPPELL, TX 75099 |
| Dec 02, 2023 7:11 am | ARRIVE USPS FACILITY | 750679998 |
| Dec 02, 2023 7:13 am | ARRIVE USPS FACILITY | 750679998 |
| Dec 02, 2023 7:13 am | ARRIVE USPS FACILITY | LEWISVILLE, TX 75067 |
| Dec 02, 2023 7:53 am | DISTRIBUTION | LEWISVILLE, TX 75067 |

Page 1

 **UNITED STATES POSTAL SERVICE** ®

Archive USPS Tracking Plus™ Statement
As of August 7, 2025

Tracking Number: 9405830109355042911836
Destination Address: 800 STATE HIGHWAY 121 BYP

| Date & Time | Status of Item | Location |
|---|---|---|
| Dec 02, 2023 7:54 am | ARRIVAL AT UNIT | LEWISVILLE, TX 75067 |
| Dec 02, 2023 7:55 am | SORTING/PROCESSING COMPLETE | LEWISVILLE, TX 75067 |
| Dec 02, 2023 8:05 am | OUT FOR DELIVERY | LEWISVILLE, TX 75067 |
| Dec 02, 2023 10:36 am | ARRIVAL AT UNIT | LEWISVILLE, TX 75067 |
| Dec 02, 2023 10:42 am | DELIVERY ATTEMPTED - NO ACCESS TO DELIVERY LOCATION | LEWISVILLE, TX 75067 |
| Dec 04, 2023 11:57 am | DELIVERED | LEWISVILLE, TX 75067 |

## UNITED STATES POSTAL SERVICE®

# Click-N-Ship®

**P**

usps.com
$8.05
US POSTAGE
Insured

9405 8301 0935 5042 9118 36 0080 5001 0007 5067

**U.S. POSTAGE PAID**
Click-N-Ship®

11/30/2023     Mailed from 06606     875625259501802

## PRIORITY MAIL®

JOHN HILAIRE
85 VICTORY AVE
BRIDGEPORT CT 06606-3022

12/02/2023

### RDC 02

**R063**


ATTN: ACCOUNT RESOLUTIONS
RIGHTPATH SERVICING
800 STATE HIGHWAY 121 BYP
LEWISVILLE TX 75067-4180

**USPS TRACKING #**



9405 8301 0935 5042 9118 36



*Cut on dotted line.*

9405 8301 0935 5042 9118 36

| | |
|---|---|
| PRIORITY MAIL® | $8.05 |
| Extra Services: | $0.00 |
| Fees: | $0.00 |
| Total: | $8.05 |

Print Date: 2023-11-30
Ship Date: 2023-11-30

From:  JOHN HILAIRE
85 VICTORY AVE
BRIDGEPORT CT 06606-3022

To:  ATTN: ACCOUNT RESOLUTIONS
RIGHTPATH SERVICING
800 STATE HIGHWAY 121 BYP
LEWISVILLE TX 75067-4180

*Commercial Pricing PRIORITY MAIL® rates apply. There is no fee for USPS Tracking® service on PRIORITY MAIL® service with use of this electronic rate shipping label. Refunds for unused postage paid labels can be requested online 30 days from the print date.*

## Instructions

1. Please use a laser or laser-quality printer.

2. Adhere shipping label to package with tape or glue - DO NOT TAPE OVER BARCODE. Be sure all edges are secure. Self-adhesive label is recommended.

3. Place label so that it does not wrap around the edge of the package.

4. Each shipping label number is unique and can be used only once - DO NOT PHOTOCOPY.

5. Please use this shipping label on the "ship date" selected when you requested the label.

6. If a mailing receipt is required, present the article and Online e-Label Record at a Post Office for postmark.

*Thank you for shipping with the United States Postal Service!*
*Check the status of your shipment on the USPS Tracking® page at usps.com*

## UNITED STATES POSTAL SERVICE®

# EXHIBIT D

 **RightPath** SERVICING  PO Box 619098
Dallas, TX 75261-9741

**12/7/2023**



OUR INFO
**ONLINE**
www.rightpathservicing.com

YOUR INFO
**LOAN NUMBER:**
0717939128
**MORTGAGOR NAME:**
John Hilaire
**PROPERTY ADDRESS**
85 VICTORY AVE
BRIDGEPORT, CT 06606
**REFERENCE NUMBER:**
0008005863

JOHN HILAIRE
175 MILFORD AVE
STRATFORD, CT 06615

Dear John Hilaire:

We received your correspondence on December 4, 2023, regarding the above-referenced loan. We thank you for bringing this matter to our attention. We take all matters seriously and are in the process of reviewing your concerns.

A response will be provided no later than January 15, 2024.

Please note that during the investigation and resolution of your inquiry, written correspondence, such as billing statements and mandatory pre-foreclosure notices, may continue.

If you have any questions, please contact our Customer Service Department at 833-685-2589 or via mail at Lake Vista 4, 800 State Highway 121 Bypass, Lewisville, TX 75067. Our hours of operation are Monday through Friday from 7 a.m. to 8 p.m. (CT). Visit us on the web at www.rightpathservicing.com for more information.

Sincerely,

RightPath Servicing

RightPath Servicing℠ and Mr. Cooper® are brand names for Nationstar Mortgage LLC.

**Nationstar Mortgage LLC d/b/a RightPath Servicing is a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. However, if you are currently in bankruptcy or have received a discharge in bankruptcy, this communication is not an attempt to collect a debt from you personally to the extent that it is included in your bankruptcy or has been discharged but is provided for informational purposes only.**

If you are a successor in interest (received the property from a relative through death, devise, or divorce, and you are not a borrower on the loan) that has not assumed, or otherwise become obligated on the debt, this communication is for informational purposes only and is not an attempt to collect a debt from you personally.



24-1

# EXHIBIT E

1:31

**INTUIT**
**creditkarma**

## NSTAR/COOPER
Reported: Nov. 30, 2025

**$71,499.00**
**Needs Attention**

### Overview

You have **85%** left to pay on this real estate loan.

| Balance | Highest Balance |
|---|---|
| $71499 | $84600 |

| Monthly payment | $1013 |
|---|---|

| Opened | Jun. 18, 2015 (10 yrs, 6 mos) |
|---|---|

| Term | 360 months |
|---|---|

### Payment History

You've made **0%** of payments for this account on time.

|      | J | F | M | A | M | J | J | A | S | O | N | D |
|------|---|---|---|---|---|---|---|---|---|---|---|---|
| 2025 | ✕ | ✕ | ✕ | ✕ | ✕ | ✕ | ✕ | ● | ● | ✕ |   |   |
| 2024 |   |   |   |   |   |   |   | ✕ | ● | ● | ● | ✕ |

✓ Current    ✕ Late    ● Unknown
⚠ Derogatory

| Last payment | Nov. 26, 2025 |
|---|---|
| Current Payment Status | 120+ Days Late |
| Worst Payment Status | 120+ Days Late |

 For you     Cards     Loans     Insurance     Money

# EXHIBIT F

11/6/25, 11:04 AM                                           Case Detail - FBT-CV24-6133828-S

 State of Connecticut Judicial Branch
# Superior Court Case Look-up


Superior Court Case Look-up
 Civil/Family
 Housing
 Small Claims

Attorney/Firm Juris Number Look-up

Case Look-up
 By Party Name
 By Docket Number
 By Attorney/Firm Juris Number
 By Property Address

Short Calendar Look-up
 By Court Location
 By Attorney/Firm Juris Number
 Motion to Seal or Close
 Calendar Notices

Court Events Look-up
 By Date
 By Docket Number
 By Attorney/Firm Juris Number

Legal Notices

Pending Foreclosure Sales

Understanding
Display of Case Information

Contact Us

✎ FBT-CV24-6133828-S
Prefix/Suffix: [none]

NATIONSTAR MORTGAGE LLC v. HILAIRE, JOHN R. Et Al

Case Type: P00    File Date: 05/06/2024    Return Date: 05/14/2024

**Case Detail**  Notices  History  Scheduled Court Dates  E-Services Login  Screen Section Help  ▶
Pending Foreclosure Sales                    To receive an email when there is activity on this case, click here. ✎

Information Updated as of: 11/06/2025

### Case Information

Case Type: P00 - Property - Foreclosure
Court Location: BRIDGEPORT JD
Property Address: 85 Victory Ave, Bridgeport, CT 06606
List Type: No List Type
Trial List Claim:
Last Action Date: 09/29/2025  (The "last action date" is the date the information was entered in the system)

### Disposition Information

Disposition Date: 09/08/2025
Disposition: ADMINISTRATIVE CLOSURE OF FORECLOSURE BY SALE MATTER PENDING ENTRY OF FINAL DISPOSITION
Judge or Magistrate: HON JOHN REGAN

### Party & Appearance Information



Comments

| Party | Party Details | No Fee Party | Category |
|-------|--------------|--------------|----------|
| P-01 | NATIONSTAR MORTGAGE LLC<br>*REMOVED* | | Plaintiff |
| P-02 | US BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR VRMTG ASSET TRUST | | Plaintiff - Substituted |
| | Attorney: ✎ MARINOSCI LAW GROUP PC (431033)   File Date: 03/13/2025<br>275 WEST NATICK ROAD<br>SUITE 500<br>WARWICK , RI 02886 | | |
| D-01 | JOHN R. HILAIRE | | Defendant |
| | Self-Rep: 85 VICTORY AVE   File Date: 05/16/2024<br>BRIDGEPORT, CT 06606 | | |
| D-02 | CITY OF BRIDGEPORT ANTI-BLIGHT DEPARTMENT | | Defendant |
| | Attorney: ✎ BRIDGEPORT CITY ATTORNEY (006192) File Date: 04/15/2025<br>OFFICE OF CITY ATTORNEY<br>999 BROAD STREET<br>BRIDGEPORT , CT 066044328 | | |
| D-03 | ABSOLUTE RESOLUTIONS INVESTMENTS, LLC<br>Non-Appearing | | Defendant |
| O-01 | COMMITTEE | | Committee |
| | Attorney: ✎ JOHN R BRYK (007006)   File Date: 09/17/2025<br>1000 LAFAYETTE BLVD<br>SEVENTH FLOOR<br>BRIDGEPORT , CT 06604 | | |

**Viewing Documents on Civil, Housing and Small Claims Cases:**

If there is an ✎ in front of the docket number at the top of this page, then the file is electronic (paperless).

- Documents, court orders and judicial notices in electronic (paperless) civil, housing and small claims cases with a return date on or after January 1, 2014 are available publicly over the internet.* For more information on what you can view in all cases, view the <u>Electronic Access to Court Documents Quick Card</u>.

- For civil cases filed prior to 2014, court orders and judicial notices that are electronic are available publicly over the internet. Orders can be viewed by selecting the link to the order from the list below. Notices can be viewed by clicking the **Notices** tab above and selecting the link.*

- Documents, court orders and judicial notices in an electronic (paperless) file can be viewed at any judicial district courthouse during normal business hours.*

- Pleadings or other documents that are not electronic (paperless) can be viewed only during normal business hours at the Clerk's Office in the Judicial District where the case is located.*

- An Affidavit of Debt is not available publicly over the internet on small claims cases filed before October 16, 2017.*

*Any documents protected by law Or by court order that are Not open to the public cannot be viewed by the public online And can only be viewed in person at the clerk's office where the file is located by those authorized by law or court order to see them.

| Entry No | File Date | Filed By | Description | Arguable |
|---|---|---|---|---|
| | | | **Motions / Pleadings / Documents / Case Status** | |
| | 05/06/2024 | P | SUMMONS | |
| | 05/06/2024 | P | COMPLAINT | |
| | 05/16/2024 | | APPEARANCE | |
| | 03/13/2025 | P | APPEARANCE <br> Appearance | |
| | 04/15/2025 | D | APPEARANCE <br> Appearance | |
| | 09/17/2025 | O | APPEARANCE <br> Appearance | |
| 100.30 | 05/06/2024 | P | RETURN OF SERVICE | No |
| 101.00 | 05/10/2024 | C | FORECLOSURE MEDIATION – ELIGIBLE CASE (NO DOCUMENT) | No |
| 102.00 | 05/10/2024 | P | FORECLOSURE MEDIATION PLAINTIFF'S COMPLIANCE WITH SERVICE (NO DOCUMENT) | No |
| 103.00 | 05/10/2024 | C | FORECLOSURE MEDIATION-COMPLIANCE WITH P.A.09-209 (NO DOCUMENT) SEE FORM# JD-CV-109 | No |
| 104.00 | 05/16/2024 | D | ANSWER | No |
| 105.00 | 05/29/2024 | D | FORECLOSURE MEDIATION REQUEST/CERTIFICATE JD-CV-108 <br> *RESULT:* Order 5/31/2024 BY THE CLERK | No |
| 105.10 | 05/31/2024 | C | ORDER <br> Assigned to premediation <br> *RESULT:* Order 5/31/2024 BY THE CLERK | No |
| 106.00 | 06/10/2024 | P | SUPPLEMENTAL RETURN <br> Absolute Resolutions Investments, LLC | No |
| 107.00 | 08/05/2024 | C | FORECLOSURE MEDIATOR'S PREMEDIATION REPORT | No |
| 108.00 | 08/26/2024 | P | MOTION FOR SUMMARY JUDGMENT <br> *RESULT:* Granted 1/13/2025 HON JOHN REGAN | Yes |
| 108.10 | 11/25/2024 | C | ORDER <br> *RESULT:* Off 11/25/2024 HON JOHN REGAN | No |
| 108.20 | 01/13/2025 | C | ORDER <br> *RESULT:* Granted 1/13/2025 HON JOHN REGAN | No |

# EXHIBIT G

| | | |
|---|---|---|
| FBT-CV24-6133828-S | : | SUPERIOR COURT |
| NATIONSTAR MORTGAGE, LLC | : | JUDICIAL DISTRICT OF BRIDGEPORT |
| v. | : | AT BRIDGEPORT, CONNECTICUT |
| JOHN HILAIRE, ET. AL. | : | JANUARY 13, 2025 |

TRANSCRIPT OF PROCEEDINGS

BEFORE THE HONORABLE JOHN REGAN, JUDGE

A P P E A R A N C E S:

Representing the Plaintiff:

    ATTORNEY KELLY CARDEN
    Marinosci Law Group, PC
    275 West Natick Road, Suite 500
    Warwick, Rhode Island 02886

Representing the Defendants:

    JOHN HILAIRE
    Self-Represented Party

Recorded By:
Seth Zabin

Transcribed By:
Donna Dellaghelfa
Court Recording Monitor
69 Brooklyn Street
Rockville, Connecticut 06066

1

1      THE CLERK:  Your Honor, jumping back to line 12.
2   This is docket number FBT-CV24-6133828, Nationstar
3   Mortgage, LLC versus John Hilaire.  Will parties
4   please identify themselves for the record?
5      ATTY. CARDEN:  Good afternoon, Your Honor.
6   Kelly Carden for the plaintiff.
7      THE DEFENDANT:  Yeah.  Good afternoon.  John
8   Hilaire, the authorized representative for the
9   defendant.
10      THE CLERK:  Mr. Hilaire, can you please raise
11   your right hand for me?
12      THE DEFENDANT:  No, I will not be sworn in the
13   docket.  I will not be sworn in the docket.  I'm only
14   here --
15      THE CLERK:  Alright, then.
16      THE DEFENDANT:  -- on special appearance.
17      THE COURT:  Okay.  There's a motion for summary
18   judgment.
19      ATTY. CARDEN:  Yes, Your Honor.  I had filed a
20   motion for summary judgment.  I do want to just put
21   on the record in the past, my understanding was that
22   if a pro se party refused to be sworn in and only
23   appear as a special appearance that they were not
24   allowed to proceed to represent themselves
25   substantively in the matter.  I obviously defer to
26   Your Honor on that issue, but I did want to put that
27   on the record.

1    THE COURT:  And Mr. Hilaire, will you be sworn

2    under oath?

3    THE DEFENDANT:  No, I will not.

4    THE COURT:  All right.  Attorney Carden, let's

5    hear from you.

6    ATTY. CARDEN:  Your Honor, I would ask that the

7    plaintiff's motion for summary judgment, it is as to

8    liability only and for the defendant's understanding

9    as well, his answer did agree with the counts in our

10   complaint relative to entering into the note, the

11   mortgage and such which support our cause of action.

12   His objection to the summary judgment was relative to

13   an old billing dispute.

14   We are not here today on any type of hearing on

15   damages.  We're not asking for a judgment debt to be

16   entered simply as to liability only.  For that

17   reason, in substance, along with defendant's refusal

18   to be sworn in, I would ask that our motion be

19   granted as to liability only today.

20   THE COURT:  Mr. Hilaire, you understand that

21   this is not a hearing on judgment, but rather summary

22   judgment as to liability only.  Do you understand

23   that?

24   THE DEFENDANT:  Your honor, I submitted

25   documents on the record showing that the plaintiff

26   was in violation of RESPA, and that was a oath of

27   affirmation submitted with the notice of three.  So,

```
 1        I'm not sure if the courts or -- had a chance to look

 2        at the documents submitted on the record.

 3             THE COURT:  I have.

 4             THE DEFENDANT:  So -- yes.  So, it shows that

 5        the plaintiff is in violation of due process, which

 6        is RESPA, which is a federal law.  They're in

 7        violation of TILA, federal law.  They're in violation

 8        of -- is it the FCRA?  And also looking at based on

 9        documents that I have that I have not presented to

10        the Court, this is also looking like it's a case of

11        RICO.

12             THE COURT:  Okay.  Mr. Hilaire, can I -- can the

13        -- can you show your face?

14             THE DEFENDANT:  Yes.

15             THE COURT:  Okay.  Just want to make sure for

16        the record that -- I've reviewed the filings by both

17        parties, including the memorandum of law.  And I'm

18        going to grant the motion for summary judgment as to

19        liability only.  Today is not the day that a judgment

20        is entering, but I am granting the plaintiff's motion

21        for summary judgment as to liability only.  Again,

22        having read --

23             ATTY. CARDEN:  Thank you, Your Honor.

24             THE COURT:  -- the filings by both parties.

25        Thank you.

26             ATTY. CARDEN:  Thank you.

27                  (End of proceedings.)
```

```
FBT-CV24-6133828-S            :   SUPERIOR COURT

NATIONSTAR MORTGAGE, LLC      :   JUDICIAL DISTRICT OF BRIDGEPORT

v.                            :   AT BRIDGEPORT, CONNECTICUT

JOHN HILAIRE, ET. AL.         :   JANUARY 13, 2025
```

C E R T I F I C A T I O N

    I hereby certify the foregoing pages are a true and correct transcription of the audio recording of the above-referenced case, heard in Superior Court, Judicial District of Bridgeport at Bridgeport, Connecticut, before the Honorable John Regan, Judge, on the 13th day of January, 2025.

    Dated this 28th day of October, 2025 in Rockville, Connecticut.

*Donna Dellaghelfa*

———————————————————
Donna Dellaghelfa
Court Recording Monitor

| FBT-CV24-6133828-S | : | SUPERIOR COURT |
|---|---|---|
| NATIONSTAR MORTGAGE, LLC | : | JUDICIAL DISTRICT OF BRIDGEPORT |
| v. | : | AT BRIDGEPORT, CONNECTICUT |
| JOHN HILAIRE, ET. AL. | : | JANUARY 13, 2025 |

E L E C T R O N I C

C E R T I F I C A T I O N

        I hereby certify the electronic version is a true and correct transcription of the audio recording of the above-referenced case, heard in Superior Court, Judicial District of Bridgeport at Bridgeport, Connecticut, before the Honorable John Regan, Judge, on the 13th day of January, 2025.

        Dated this 28th day of October, 2025 in Rockville, Connecticut.

                                        *Donna Dellaghelfa*
                                        _____
                                        Donna Dellaghelfa
                                        Court Recording Monitor

# EXHIBIT H

BK:11317 PG: 148
INST: 000231S4

After Recordation Return To:
Fannie Mae
C/O Nationwide Title Clearing,
LLC 2100 Alt. 19 North
Palm Harbor, FL 34683



## ASSIGNMENT OF MORTGAGE

FOR GOOD AND VALUABLE CONSIDERATION, the sufficiency of which is hereby acknowledged, the undersigned, NATIONSTAR MORTGAGE LLC, WHOSE ADDRESS IS 8950 CYPRESS WATERS BLVD., COPPELL, TX 75019, (ASSIGNOR), by these presents does convey, grant, assign, transfer and set over the described Mortgage with all interest secured thereby, all liens, and any rights due or to become due thereon to US BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR VRMTG ASSET TRUST, WHOSE ADDRESS IS 1011 CENTRE ROAD, SUITE 203, WILMINGTON, DE 19805 (800)934-6802, ITS SUCCESSORS AND ASSIGNS, (ASSIGNEE).

Said Mortgage bearing the date 06/18/2015, made by JOHN R HILAIRE, INDIVIDUALLY to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS MORTGAGEE, AS NOMINEE FOR LOANDEPOT.COM, LLC DBA MORTGAGE MASTER, ITS SUCCESSORS AND ASSIGNS, and recorded in the Land Records of the Town of BRIDGEPORT, State of Connecticut, in Book 9249 and Page 120, to which reference may be had.

IN WITNESS WHEREOF, NATIONSTAR MORTGAGE LLC has hereunto set its hand on _12/17_ /20_24_ (MM/DD/YYYY).

By: _Tracy Rogers_
Tracy Rogers
VICE PRESIDENT

All persons whose signatures appear above have qualified authority to sign and have reviewed this document and supporting documentation prior to signing.

Signed and Delivered in the presence of:

_Susan Hicks_    Witness

_Mackenzie Eichen_    Witness

STATE OF FLORIDA    COUNTY OF PINELLAS
The foregoing instrument was acknowledged before me by means of [X] physical presence or [ ] online notarization on _12/17_ /20_24_ (MM/DD/YYYY), by Tracy Rogers as VICE PRESIDENT of NATIONSTAR MORTGAGE LLC, who, as such VICE PRESIDENT being authorized to do so, executed the foregoing instrument for the purposes therein contained. He/she/they is (are) personally known to me.

_Vicky McCoy_
Notary Public, STATE OF FLORIDA
Commission expires: 12/18/2026

VICKY MCCOY
NOTARY PUBLIC
STATE OF FLORIDA
COMM# HH 328470
EXPIRES: 12/18/2026

RECEIVED FOR RECORD
Dec 24,2024 09:48:24AM
Charlie L. Stallworth
TOWN CLERK
BRIDGEPORT, CT

## CERTIFICATION

I hereby certify that on this 5th day of January, 2026, I caused a true and correct copy of the foregoing Complaint, together with a Summons issued by the Clerk of Court, to be delivered to the United States Marshal for service upon the Defendant at the following address:

**Defendant:** Nationstar Mortgage LLC

**Defendant Agent Service Addresses:** 225 Asylum Street, 20th Floor, Hartford CT 06103

Service will be effected by the U.S. Marshal pursuant to Federal Rule of Civil Procedure 4(c)(3).

Respectfully submitted,

John Hilaire