**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

| | |
|---|---|
| John Hilaire, ) | Case No. **3:26-CV-00015-VAB** |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | |
| ) | |
| NATIONSTAR MORTGAGE LLC, ) | **FIRST AMENDED COMPLAINT** |
| D/B/A RIGHTPATH SERVICING, ) | |
| D/B/A RUSHMORE SERVICING, ) | |
| D/B/A MR. COOPER ) | |
| ) | |
| Defendant ) | **TRIAL BY JURY DEMANDED** |
| ) | |

## I. INTRO

This action arises under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. 2601 et seq., and its implementing Regulation X, as well as the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692, and concerns Defendant Nationstar Mortgage LLC's unlawful servicing and debt collection conduct following its acquisition of the servicing rights to Plaintiff's home mortgage. After the mortgage was transferred from the prior servicer, Defendant, operating under various trade names, received timely written notice of an unresolved billing dispute and notice of error, acknowledged receipt of that dispute, and triggered mandatory statutory duties to investigate, correct, or adequately respond. Despite these

obligations, Defendant failed to properly resolve the dispute, continued collection activity, and furnished negative credit information to consumer reporting companies, resulting in concrete harm to Plaintiff and violations of federal law.

## II. JURISDICTION & VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. 1331, because Plaintiff's claims arise under the laws of the United States, including the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. 2601 et seq., and its implementing Regulation X, and the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692.

2. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. 1367.

3. Jurisdiction is proper under 15 U.S.C. 1692k(d), which permits FDCPA actions in any U.S. district court regardless of the amount in controversy.

4. Venue is proper in the District of Connecticut under 28 U.S.C. 1391(b) because the events giving rise to this action occurred in this District and Defendant conducted collection activities directed at Plaintiff within this District.

## III. PARTIES

5. Plaintiff John Hilaire is a man and the owner of record of a private shelter located at 85 Victory Avenue, Bridgeport. For purposes of this action, Plaintiff meets the definition of a "consumer" within the meaning of RESPA, 12 U.S.C. 2605, and the FDCPA, 15 U.S.C. 1692a.

6. Defendant Nationstar Mortgage LLC, including RightPath Servicing, Rushmore Servicing, and Mr. Cooper (collectively, the "Trade Names"), is a limited liability company engaged in the business of mortgage loan servicing and debt collection. Defendant is registered and authorized to transact business in the State of Connecticut and regularly conducts servicing and collection activities directed toward Connecticut consumers. At all relevant times, Defendant acted as the servicer of Plaintiff's mortgage loan as defined by 12 U.S.C. § 2605(i)(2).

## IV. FACTUAL BACKGROUND

1. On or about November 20, 2023, Plaintiff received a written notice from Defendant Nationstar Mortgage LLC, operating under the trade name RightPath Servicing, informing Plaintiff of the transfer of servicing rights for Plaintiff's home mortgage, identified by a credit account number ending in 9128.

2. On November 30, 2023, Plaintiff notified Defendant that the mortgage servicing account was subject to a pre-existing billing dispute, and that any servicing or collection activity was required to comply with applicable federal law.

3. The dispute correspondence was delivered on December 4, 2023, as confirmed by USPS tracking records 9405830109355042911836.

4. Defendant Nationstar Mortgage LLC, operating through RightPath Servicing, issued a written acknowledgment letter confirming receipt of dispute and notice of error on December 7, 2023.

5. Despite acknowledging receipt of Plaintiff's dispute, Defendant failed to provide a proper substantive response as required by 12 U.S.C. 2605(e) and 12 C.F.R. 1024.35.

6. While Plaintiff's dispute remained pending, Defendant continued servicing and collection activity, including the issuance of billing statements and other adverse servicing actions.

7. During this same period, Defendant Nationstar Mortgage LLC changed the servicing identity under which it communicated with Plaintiff, transitioning from RightPath Servicing to Rushmore Servicing, without resolving the dispute and without curing its statutory violations.

8. In spite of its knowledge of the active dispute, Defendant furnished negative and derogatory information regarding Plaintiff's mortgage account to consumer reporting companies, including information reflecting delinquency, and foreclosure proceedings.

9. Defendant's furnishing of negative credit information occurred after Defendant had actual notice of Plaintiff's dispute and while Defendant's investigation obligations remained outstanding.

10. Defendant's actions occurred while the dispute remained outstanding and resulted in additional harm to Plaintiff, including foreclosure related damages, credit harm.

11. Rather than conducting a reasonable investigation into Plaintiff's notice of error, Defendant proceeded to initiate foreclosure related actions while the dispute remained pending and unresolved.

12. Defendant's initiation of foreclosure activity occurred after Defendant had actual notice of the alleged servicing errors, and during the period in which Defendant was statutorily obligated under RESPA and Regulation X to suspend certain collection and enforcement actions until compliance was achieved.

13. In response to the foreclosure complaint, Plaintiff timely appeared and again notified Defendant of the outstanding RESPA violations, reaffirming that the underlying billing dispute had never been properly investigated or resolved.

14. At the initial foreclosure hearing, Plaintiff informed the court of the unresolved federal statutory violations.

15. Defendant's counsel responded by characterizing the dispute as an "old billing error".

16. Despite receiving renewed notice of the unresolved dispute through Plaintiff's foreclosure response, Defendant did not cure the servicing violations, did not provide a substantive response as required by law, and did not correct the disputed account information.

17. Instead of resolving the identified errors, Defendant stayed active prosecution of the foreclosure action and subsequently assigned the mortgage note to U.S. Bank trust, while the RESPA violations remained outstanding.

18. As a direct result of Defendant's acts and omissions, Plaintiff suffered actual damages, including but not limited to credit harm, loss of credit opportunities, time and expense incurred in addressing Defendant's misconduct.

## V. CLAIMS FOR RELIEF

**CLAIM I - Violation of the Real Estate Settlement Procedures Act (RESPA) 12 U.S.C. 2605(e), 2605(k), and Regulation X (12 C.F.R. Part 1024)**

19. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

20. Plaintiff's home mortgage is a federally related mortgage loan within the meaning of 12 U.S.C. 2602(1), and Defendant Nationstar Mortgage LLC is a loan servicer as defined by 12 U.S.C. 2605(i)(2).

21. On or about November 30, 2023, Plaintiff submitted a written notice of error and billing dispute to Defendant, directed to Defendant's designated address for such correspondence, disputing the

accuracy and validity of the account, and providing sufficient information to enable Defendant to investigate the asserted servicing errors.

22. Defendant acknowledged receipt of Plaintiff's notice of error on or about December 7, 2023, thereby triggering Defendant's statutory duties under 12 U.S.C. 2605(e) and Regulation X, 12 C.F.R. 1024.35, including the duty to conduct a reasonable investigation and to correct the error or provide a written explanation within the timeframes mandated by law.

23. Despite acknowledging receipt of Plaintiff's notice of error, Defendant failed to conduct a reasonable investigation, failed to correct the identified errors, and failed to provide a proper substantive written response as required by 12 U.S.C. 2605(e)(2) and 12 C.F.R. 1024.35(e).

24. While Plaintiff's notice of error remained pending and unresolved, Defendant continued servicing and collection activity on the loan, including the issuance of billing statements, adverse servicing actions, and the initiation of foreclosure related proceedings, in violation of Defendant's obligations under RESPA and Regulation X.

25. Defendant further violated 12 U.S.C. 2605(k)(1)(C) and 12 C.F.R. 1024.38(a) by failing to maintain and implement reasonable policies and procedures to ensure accurate information, timely investigation of disputes, and compliance with applicable servicing requirements.

26. After receiving renewed notice of the unresolved servicing errors through Plaintiff's response in the foreclosure proceedings, Defendant again failed to cure the violations, and instead assigned or sold the mortgage note to a third party while the RESPA violations remained outstanding.

27. As a direct and proximate result of Defendant's RESPA violations, Plaintiff suffered actual damages within the meaning of 12 U.S.C. 2605(f)(1)(A), including but not limited to:

(a) credit damage, resulting from Defendant's continued furnishing of adverse credit information based on disputed and uninvestigated account data;

(b) foreclosure related damages, resulting from Defendant's initiation and continuation of foreclosure activity without first resolving the asserted servicing errors;

(c) out of pocket expenses and time, incurred by Plaintiff in repeatedly notifying Defendant of the dispute, responding to foreclosure filings, and attempting to obtain compliance with federal law; and

(d) emotional distress, resulting from prolonged uncertainty, threatened loss of housing, and damage to Plaintiff's credit reputation caused by Defendant's statutory noncompliance.

28. Defendant's conduct reflects a pattern or practice of noncompliance with RESPA and its implementing regulations, entitling Plaintiff to statutory damages pursuant to 12 U.S.C. 2605(f)(1)(B).

29. Plaintiff is further entitled to equitable and declaratory relief, including injunctive relief requiring Defendant to correct account information, cease unlawful servicing practices, and implement reasonable procedures to ensure future compliance with RESPA and Regulation X.

**CLAIM II – Violation of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. 1692e, 1692f**

30. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

31. At all relevant times, Defendant Nationstar Mortgage LLC was a "debt collector" as defined by 15 U.S.C. 1692a(6), in that it regularly collects or attempts to collect consumer debts owed or

due or asserted to be owed or due to another, including mortgage "debts" that were in default or disputed at the time Defendant began servicing or collecting on Plaintiff's loan.

32. Plaintiff is a "consumer" as defined by 15 U.S.C. 1692a(3), and the mortgage obligation at issue is a "debt" within the meaning of 15 U.S.C. 1692a(5).

33. Defendant had actual knowledge that Plaintiff disputed the mortgage debt, having received and acknowledged Plaintiff's written dispute and notice of error on or about December 7, 2023, and having received renewed notice of the unresolved dispute through Plaintiff's response in the foreclosure proceedings.

34. Notwithstanding its knowledge of the dispute, Defendant communicated credit information regarding Plaintiff's mortgage loan to one or more consumer reporting companies, including information reflecting delinquency, default, or other adverse status.

35. Defendant failed to communicate that the debt was inaccurate or misleading due to the unresolved dispute and pending investigation obligations.

36. Defendant's conduct constitutes a violation of 15 U.S.C. 1692e(8), which prohibits communicating or threatening to communicate to any person credit information known or which should be known to be false.

37. Defendant's conduct further constitutes a violation of 15 U.S.C. 1692e(2)(A), by falsely representing the character, amount, while the debt was disputed and subject to unresolved servicing errors.

38. Defendant's furnishing of negative credit information during an active dispute constitutes the use of unfair or unconscionable means to collect or attempt to collect a debt, in violation of 15 U.S.C. 1692f.

39. Defendant's acts and omissions were undertaken in connection with the collection of a consumer debt and were material, misleading, and abusive under the least sophisticated consumer standard.

40. As a direct and proximate result of Defendant's FDCPA violations, Plaintiff suffered actual damages, including but not limited to credit damage, emotional distress, loss of credit opportunities, and out of pocket expenses.

41. Defendant's conduct was in reckless disregard of Plaintiff's rights under the FDCPA, entitling Plaintiff to statutory damages pursuant to 15 U.S.C. 1692k(a)(2)(A), actual damages pursuant to 15 U.S.C. 1692k(a)(1), and costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692k(a)(3).

## CLAIM III - Violation of the Fair Credit Reporting Act (15 U.S.C. 1681s-2(b))

42. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

43. Defendant Nationstar Mortgage LLC is a "furnisher of information" to consumer reporting agencies within the meaning of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. 1681 et seq..

44. Plaintiff is a "consumer" as defined by 15 U.S.C. 1681a(c).

45. Defendant furnished information regarding Plaintiff's mortgage account to one or more consumer reporting companies, including information reflecting delinquency, default, or other adverse status.

46. Plaintiff disputed the accuracy and completeness of the furnished information, including by providing written notice of dispute and notice of error to Defendant, and by disputing the reported information with consumer reporting companies.

47. Upon information and belief, one or more consumer reporting companies notified Defendant of Plaintiff's dispute pursuant to 15 U.S.C. 1681i(a)(2), thereby triggering Defendant's duties under 15 U.S.C. 1681s-2(b).

48. After receiving notice of the dispute, Defendant failed to:

a. Conduct a reasonable investigation regarding the disputed information;

b. Review all relevant information provided by the consumer reporting companies;

c. Correct, delete, or modify inaccurate or incomplete information; and

d. Report accurate results of its investigation to the consumer reporting companies.

49. Defendant continued to furnish inaccurate, or misleading information regarding Plaintiff's mortgage account.

50. Defendant's failure to comply with its duties under 15 U.S.C. 1681s-2(b) constitutes willful and/or negligent noncompliance with the FCRA.

51. As a direct and proximate result of Defendant's violations, Plaintiff suffered actual damages, including but not limited to credit damage, emotional distress, loss of credit opportunities, and out of pocket expenses.

52. Defendant's conduct was willful, entitling Plaintiff to statutory damages, punitive damages, and attorney's fees pursuant to 15 U.S.C. 1681n, and/or negligent, entitling Plaintiff to actual damages and attorney's fees pursuant to 15 U.S.C. 1681o.

## CLAIM IV - Declaratory Judgment (28 U.S.C. 2201)

Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

An actual and justiciable controversy exists between Plaintiff and Defendant concerning Defendant's compliance with federal law governing mortgage servicing, debt collection, and credit reporting, including RESPA, the FDCPA, and the FCRA.

Pursuant to 28 U.S.C. 2201, Plaintiff seeks a declaration of rights and legal relations to resolve this controversy. Specifically, Plaintiff requests that this Court declare the following:

1. This Court has authority to issue declaratory relief pursuant to, 28 U.S.C. 2201, and 28 U.S.C. 2202, as this action presents an actual, ongoing case or controversy within the Court's jurisdiction.

2. Defendant contends, expressly or implicitly through its conduct, that it complied with its statutory duties despite:

   a. Receiving and acknowledging Plaintiff's written notice of error and dispute;

   b. Failing to conduct a reasonable investigation or provide a proper substantive response;

   c. Continuing servicing, collection, foreclosure related activity, and adverse credit reporting during the pendency of the dispute; and

   d. Transferring or selling the mortgage loan and/or servicing rights while the violations remained unresolved.

3. Plaintiff contends that Defendant's acts and omissions violated 12 U.S.C. 2605 and Regulation X, 15 U.S.C. 1692e and 1692f, and 15 U.S.C. 1681s-2(b), and that Defendant remains responsible for the consequences of it's pre-transfer conduct.

4. A declaratory judgment is necessary and appropriate to:

   a. Clarify the respective rights and obligations of the parties under federal law;

   b. Determine whether Defendant violated its statutory duties under RESPA, the FDCPA, and the FCRA;

c. Declare that Defendant's failure to properly investigate and resolve Plaintiff's dispute was unlawful; and

d. Declare that Defendant's transfer or sale of the loan did not extinguish liability for its prior statutory violations.

5. Declaratory relief will serve a useful purpose in settling the legal relations at issue, will afford relief from uncertainty and insecurity regarding Plaintiff's rights, and will prevent Defendant from continuing to deny or evade responsibility for its unlawful conduct.

6. Plaintiff therefore seeks a declaration that Defendant Nationstar Mortgage LLC violated federal law as alleged herein, and such further declaratory and equitable relief as the Court deems just and proper.

## CLAIM V - Negligence

1. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

2. At all relevant times, Defendant Nationstar Mortgage LLC owed Plaintiff a duty of reasonable care in the servicing of Plaintiff's mortgage loan, including but not limited to:

a. Accurately maintaining and reviewing account records;

b. Exercising reasonable care in investigating billing disputes and notices of error;

c. Refraining from initiating or escalating adverse servicing actions based on unresolved or inaccurate account information; and

d. Exercising reasonable care in furnishing information regarding Plaintiff's account to third parties, including consumer reporting agencies.

3. Defendant breached its duty of care by, among other acts and omissions:

   a. Failing to reasonably investigate Plaintiff's billing dispute despite receiving and acknowledging notice thereof;

   b. Continuing to rely on disputed and unverified account information for servicing and enforcement actions;

   c. Initiating and maintaining foreclosure-related activity without first resolving known servicing errors; and

   d. Furnishing adverse credit information based on inaccurate, incomplete, or uninvestigated account data.

4. Defendant knew or should have known that its failure to exercise reasonable care in servicing and reporting would foreseeably cause harm to Plaintiff, including credit damage, foreclosure-related injury, and economic loss.

5. As a direct and proximate result of Defendant's negligence, Plaintiff suffered actual damages, including but not limited to:

   Damage to credit reputation and creditworthiness; Foreclosure-related costs and harms; Out of pocket expenses and lost time; and Emotional distress.

6. Defendant's negligent conduct occurred independently of, and in addition to, its statutory violations, and constitutes actionable negligence under applicable state common law.

## CLAIM VI - Connecticut Unfair Trade Practices Act

1. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

2. At all relevant times, Defendant Nationstar Mortgage LLC was engaged in trade or commerce within the State of Connecticut, including the business of mortgage loan servicing and debt collection directed toward Connecticut consumers.

3. Plaintiff is a consumer within the meaning of Conn. Gen. Stat. § 42-110a(4).

4. Defendant, after receiving and acknowledging Plaintiff's written notice of error and billing dispute, engaged in unfair and deceptive acts and practices, including but not limited to:

  a. Failing to conduct a reasonable investigation into Plaintiff's dispute;

  b. Continuing collection and servicing activities during the pendency of the dispute;

  c. Furnishing negative and derogatory credit information despite knowledge of the dispute;

  d. Initiating and maintaining foreclosure activity without resolving known servicing errors;

  e. Transferring or assigning the mortgage loan while statutory violations remained unresolved.

5. Defendant's conduct offended public policy as established by federal consumer protection statutes including RESPA, the FDCPA, and the FCRA.

6. Defendant's conduct was immoral, unethical, oppressive, and unscrupulous, and caused substantial injury to Plaintiff.

7. Plaintiff suffered ascertainable loss, including but not limited to:

  • credit damage, loss of credit opportunities, foreclosure-related harm, out-of-pocket expenses, emotional distress

8. Defendant's actions were willful and knowing within the meaning of Conn. Gen. Stat. § 42-110g.

9. As a result, Plaintiff is entitled to actual damages, punitive damages, equitable relief, and attorney's fees pursuant to Conn. Gen. Stat. § 42-110g.

## VI. <u>JURY DEMAND</u>

Plaintiff hereby demands trial by jury of our peers on all issues, causes of action, and claims for which a right for demand for  trial by jury exists under the Constitution and laws of the United States of America.

## VII. <u>RELIEF REQUESTED</u>

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and award relief as follows:

**A.** Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. 1692k(a)(2)(A) for Defendant's violations of the Fair Debt Collection Practices Act.

**B.** Statutory damages of up to $1,000.00 per violation pursuant to 15 U.S.C. 1681n(a)(1)(A) for Defendant's willful noncompliance with the Fair Credit Reporting Act.

**C.** Punitive damages pursuant to 15 U.S.C. 1681n(a)(2) for Defendant's reckless and/or willful failure to conduct a reasonable investigation and continued furnishing of inaccurate or incomplete credit information, in an amount to be determined by the Court or a jury.

**D.** Actual damages pursuant to 12 U.S.C. 2605(f)(1)(A) for concrete and measurable harms directly caused by Defendant's RESPA violations, including but not limited to:

- Foreclosure related damages, Credit damage, Emotional distress, Loss of credit opportunities;
- Time, expense, and effort incurred responding to Defendant's unlawful servicing conduct; in an amount which Plaintiff alleges exceed $250,000.00, to be proven at trial;

**E.** Statutory damages pursuant to 12 U.S.C. 2605(f)(1)(B) for Defendant's pattern or practice of noncompliance with RESPA, in an amount to be determined by the Court.

**F.** Declaratory relief pursuant to 28 U.S.C. 2201, declaring that Defendant violated RESPA, the FDCPA, and the FCRA as alleged herein, and that Defendant remains liable for its statutory violations notwithstanding any transfer or sale of the mortgage loan or servicing rights;

**G.** Injunctive and equitable relief requiring Defendant to:

a. Correct and/or delete inaccurate or incomplete information furnished to consumer reporting agencies regarding Plaintiff's mortgage account;

b. Accurately reflect the disputed status of the account where applicable;

c. Cease unlawful servicing and collection practices related to the disputed conduct; and

d. Implement reasonable policies and procedures to ensure compliance with RESPA, Regulation X, the FDCPA, and the FCRA.

**H.** Costs of suit and reasonable litigation expenses, including filing fees, certified mail, postage, document preparation, and related expenses, pursuant to:

- 12 U.S.C. 2605(f)(3); 15 U.S.C. 1692k(a)(3); and 15 U.S.C. 1681n(a)(3) and 1681o(a)(2)

**I.** Reasonable attorney's fees, should counsel be retained, as authorized by statute.

**J.** Actual damages, punitive damages, equitable relief, and attorney's fees pursuant to Conn. Gen. Stat. § 42-110g.

# VIII. <u>VERIFICATION</u>

I, John Hilaire, the claimant in the above entitled action, declare under penalty of perjury under the laws of the United States of America that the foregoing Complaint against Nationstar Mortgage LLC, d/b/a RightPath Servicing, d/b/a Rushmore Servicing, d/b/a Mr. Cooper, and all attached Exhibits are true, and that I will verify the same in open court.

Executed this 3rd day of March 2026.

By: John Hilaire

85 Victory Avenue, Bridgeport, Connecticut 06606-3022-852

STATE OF _Connecticut_ COUNTY OF _Fairfield_

Subscribed and sworn before me this 3rd day of March 2026, by John Hilaire, known to me (or satisfactorily proven) to be the man whose name is subscribed to the foregoing instrument.

Notary Public

My Commission Expires:

PIERRE J [illegible]
Notary Public, [illegible] Connecticut
My Comm[illegible] June 30, 2026



PIERRE J BELIZAIRE
Notary Public, State of Connecticut
My Commission Expires June 30, 2026

## CERTIFICATION

I hereby certify that on this __9__ day of March, 2026, I caused a true and correct copy of the foregoing Complaint, together with a Summons issued by the Clerk of Court, to be delivered to the United States Marshal for service upon the Defendant at the following address:

**Defendant:** Nationstar Mortgage LLC

**Defendant Agent Service Addresses:** CORPORATION SERVICE COMPANY, at 225 Asylum Street, 20th Floor, Hartford CT 06103

Service will be effected by the U.S. Marshal pursuant to Federal Rule of Civil Procedure 4(c)(3).

Respectfully submitted,

_____

John Hilaire